IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:15-CV-74-D

| | |
|---|---|
| LAWRENCE VERLINE WILDER, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | **ORDER and** <br> **MEMORANDUM AND** <br> **RECOMMENDATION** |

This case is before the court, in part, on the motion (D.E. 1) by plaintiff Lawrence V. Wilder, Sr. ("plaintiff") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion and frivolity review were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's proposed complaint includes a request for appointment of counsel. Compl. (1-1) 1. The court will treat this request as a motion for appointment of counsel and within the scope of the referral given its inclusion in the complaint.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability

to prepay the required court costs.[1]  His motion (D.E. 1) to proceed *in forma pauperis* is therefore ALLOWED.

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

In his complaint, plaintiff states that he "request[s] help from the USDC in retaining effective counsel." Compl. 1. The Prison Litigation Reform Act does give the court the authority to appoint counsel in civil cases generally, but there is no absolute right to appointment of counsel in them. 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Rather, the court has the discretion to appoint counsel when it determines that extraordinary circumstances warrant such action. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). If a pro se litigant has stated a colorable claim, the court must then look at the complexity of the case and the pro se litigant's ability to present it. *Whisenant*, 739 F.2d at 163; *Tolbert v. Wyatt*, No. 1:10CV49, 2010 WL 481253, at *1 (M.D.N.C. 5 Feb. 2010) ("'[I]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.'" (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978))).

Plaintiff has failed to present information showing exceptional circumstances justifying appointment of counsel for him. Therefore, to the extent that he seeks appointment of counsel in this case, his motion for appointment of counsel is DENIED. To the extent plaintiff seeks the appointment of counsel in other forums, this court is without jurisdiction to grant such relief and this portion of his motion is also DENIED.

---

[1] In his motion, plaintiff sets out allegations of wrongdoing against him in an apparent effort to demonstrate his inability to pay court costs. *See* Mot. 3-5. Notwithstanding the ostensible purpose of these allegations, even when considered with the allegations in the complaint, they do not alter the court's analysis or conclusions.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. BACKGROUND

In this action, commenced by plaintiff on 15 April 2015, he lists the United States of America in the caption of his complaint as the only defendant. Compl. 1. In the complaint, plaintiff states that he is alleging tort claims against employees of the Federal Bureau of Prisons and Pennsylvania. *Id.* He states that he is also asserting claims against employees at the United States Department of Health and Human Services, NASA, United States Department of Justice, United States Office of Personnel Management, United States Department of Labor, Federal Public Defenders Office, and Federal Probation Office. *Id.* Plaintiff alleges that he has been subjected to a broad range of wrongdoing, including having been: racially profiled; stalked by federal judges; physically and sexually assaulted; held in solitary confinement; prevented from having a jury trial; forcefully medicated; and denied employment opportunities. *Id.* at 1-7. He also alleges, at considerable length, that he has been pardoned by several Presidents of the United States. *Id.* at 2, 4-6. The complaint includes quotations from two Supreme Court cases. *Id.* at 2-3, 4-5. Attached to his complaint are numerous exhibits comprising primarily: complaints made by plaintiff to various government agencies, politicians, and members of the judiciary; prior criminal records; employment-related documents; newspaper articles; personal credit documents; court filings; and federal regulations. *See* D.E. 1-2 through 1-9.

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal.

28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). A complaint containing only bare allegations and lacking adequate factual support fails to provide a defendant with the requisite notice required by Rule 8. *Thomas v. The Methodist Univ., Inc.*, No. 5:16-CV-727-FL, 2016 WL 4734598, at *2 (E.D.N.C. 9 Sept. 2016).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis.

4

*Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

**III.     ANALYSIS**

The court finds that plaintiff's complaint is frivolous. The allegations of wrongdoing against him are frequently unduly vague and incomplete, failing to identify, for example, when the alleged misconduct occurred or the individuals who committed it. *See Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. 17 May 2016) ("[T]he principles requiring generous construction of pro se complaints are not without limits."), *mem. & recomm. adopted*, 2016 WL 3920213 (15 July 2016). The allegations are also, in many instances, delusional and wholly incredible on their face. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); *Cush-El v. State*, No. 1:16CV176, 2016 WL 1212427, at *2 (M.D.N.C. 10 Mar. 2016) (recommending dismissal of complaint wherein "[p]laintiff recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines"), *rep. & recomm. adopted*, 2016 WL 1228626 (28 Mar. 2016). Some of the attachments to the complaint shed some light on plaintiff's allegations, but not enough to salvage them.

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this case be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 21 November 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED, this 7 day of November 2016.

James E. Gates
United States Magistrate Judge